UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID REDIGER,

    Plaintiff,

v.                                                Case No: 8:19-cv-2972-KKM-CPT

JOHN WILCOX,

    Defendant.
_____

## ORDER

Defendant John Wilcox moves to dismiss with prejudice Plaintiff's Amended Complaint, (Doc. 7), because it is time-barred, is an impermissible shotgun pleading, and does not put forth adequate facts to support punitive damages or attorneys' fees. (Doc. 15). Plaintiff responded arguing that his action was not barred by the statute of limitations and should not be dismissed before summary judgment.[1] (Doc. 18). Because the action is clearly barred by the applicable statute of limitations, the Court grants Defendant's motion and dismisses the complaint with prejudice.

This action apparently arises from a dispute regarding contested wills in which Defendant—Plaintiff's then-attorney—allegedly failed to respond to a motion for

---

[1] Plaintiff's response was docketed shortly after the Court's initial Order dismissing the case, (Doc. 17), but was in fact timely.

summary judgment that resulted in a judgment being entered against the Plaintiff.[2] (Doc. 7 at 2–3). Importantly, these alleged events happened in 2012 and 2013. *Id.* Specifically, the email Plaintiff attaches as the major source of factual support for his claim is dated May 17, 2013, and records that the Defendant had informed the Plaintiff of the error. *Id.* Plaintiff now brings an action in this Court claiming a breach of fiduciary duty, breach of contract, and negligent provision of legal services. *Id.* at 3–4.

Under section 95.11(4), Florida Statutes, "[a]n action for professional malpractice, other than medical malpractice, whether founded on contract or tort" must be commenced with two years of "the time the cause of action is discovered or should have been discovered with the exercise of due diligence."[3] This statute of limitations applies to Plaintiff's claims, which, though styled as contract or tort claims, are claims of legal malpractice. *See Tambourine Comercio Internacional SA v. Solowsky*, 312 F. App'x 263, 281 (11th Cir. 2009) (holding that a district court correctly applied section 95.11(4) to a claim for breach of fiduciary duty involving an attorney-client relationship). From the face of the amended complaint, it appears Plaintiff was informed of the underlying facts by May 17, 2013, making the two-year statute of limitations run well before December 4, 2019, when he filed this action. Plaintiff's claims are therefore time-barred

---

[2] The facts are derived from the allegations within the amended complaint, (Doc. 7), which the Court must accept as true in ruling on the instant motions to dismiss. *See Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F.2d 989, 994 (11th Cir. 1983).

[3] "A federal court sitting in diversity jurisdiction must apply the substantive law of the state in which it sits." *Garcia v. Diaz*, 752 F. App'x 927, 930 (11th Cir. 2018).

2

and must be dismissed with prejudice.[4] Plaintiff argues that it was only within the last two years that his claims were discovered and urges that statute of limitations issues are better resolved at the summary judgment stage. (Doc. 18). But the Court is limited to the factual allegations in the amended complaint and not assertions made in responses. *See La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). Further, "it is proper to grant a Rule 12(b)(6) motion if noncompliance with the statute of limitations is apparent on the face of the complaint." *Omar ex rel. Cannon v. Lindsey*, 334 F.3d 1246, 1252 (11th Cir. 2003). Accordingly, Defendant's Motion to Dismiss, (Doc. 15), is **GRANTED**. Plaintiff's Amended Complaint, (Doc. 7), is **DISMISSED WITH PREJUDICE**. The Clerk is directed to terminate all pending motions and close the case.

**ORDERED** in Tampa, Florida, on April 28, 2021.

_____
Kathryn Kimball Mizelle
United States District Judge

---

[4] Plaintiff's action is due to be dismissed with prejudice because any amendment would be futile. *See Bruce v. U.S. Bank Nat'l Ass'n*, 770 F. App'x 960, 966–67 (11th Cir. 2019) (affirming dismissal with prejudice where claims were time barred).